NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LUCY ARIAS and JAMIE ARIAS, : | |
| : | |
| Plaintiffs, : | |
| v. : | CIVIL ACTION NO. 05-4275 (JLL) |
| : | |
| THE UNITED STATES OF AMERICA, : | **OPINION** |
| : | |
| Defendant. : | |

**LINARES, District Judge.**

Plaintiffs, Lucy Arias and Jamie Arias, filed the instant complaint against Defendant, the United States, on August 31, 2005. Plaintiffs claimed that Defendant violated the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq. ("FTCA"), due to the negligent conduct of United States Postal Service ("USPS") employee, David Reynolds. While operating a USPS vehicle on or about October 11, 2002, Reynolds rear-ended Plaintiffs' car, causing Plaintiffs injury.

Defendant has filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[1] Defendant claims that Plaintiffs failed to timely file a notice of claim upon the USPS and thus, did not properly exhaust the requisite administrative remedies under the

---

[1] Defendant styles its motion to dismiss as one pursuant to Fed. R. Civ. P. 12(b)(1) and in the alternative, as a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The Court does not consider the instant motion under Fed. R. Civ. P. 12(b)(6). Defendant does not attack the face of Plaintiffs' complaint. Instead, both parties attach numerous exhibits to their briefs, which the Court may not consider in adjudicating a Rule 12(b)(6) motion to dismiss. See, e.g., Angstadt v. Midd-West School Dist., 377 F.3d 388, 342 (3d Cir. 2004) (stating that a court may not rely on matters extraneous to the pleadings in adjudicating a motion to dismiss under Rule 12(b)(6)).

FTCA.  For the following reasons, Defendant's motion is granted in part and denied in part.

**I.       Factual and Procedural History**

Plaintiffs and Reynolds were involved in a motor vehicle accident on October 11, 2002. On or about December 30, 2002, Plaintiffs' attorney, Kyle G. Schwartz, Esq., sent a letter to the USPS notifying it of the accident.  Glenn T. Krzywicki, On-Site Investigator and Tort Claims Coordinator for the USPS's Central New Jersey District, received this letter on or about January 7, 2003.

In response to the December 30, 2002 letter, Krzywicki sent a letter to Schwartz on January 7, 2003 enclosing two SF-95 claim forms to be completed and submitted back to the USPS.  In this letter, Krzywicki noted the instructions for completing the forms, including the need to specify the amount of damages claimed.

On August 6, 2004, Schwartz, on Plaintiffs' behalf, sent another letter to Krzywicki regarding the accident.  Attached to this letter was a copy of the police report from the accident, some chiropractic bills, other medical information, and a copy of an insurance policy declarations page.  Schwartz did not attach a completed SF-95 claim form.  It appears that the USPS received this letter on August 11, 2004.  Krzywicki responded with a letter, dated August 11, 2004, in which he forwarded Schwartz two additional SF-95 forms for completion.

Plaintiffs claim that they sent Krzywicki a completed and executed SF-95 form, giving notice of their claim and stating damages in a sum certain ($100,000.00 in personal injury damages and $1,709.72 in property damage), via regular mail, on or about August 16, 2004.

Interestingly, Plaintiffs do not allege in their complaint that Defendant received the claim form.[2] Defendant claims that there is no record that the USPS, or Krzywicki, received this form at that time.

Gerald Betzner, Esq., who is presumably Schwartz's law partner, called Krzywicki on or about March 9, 2005 to inquire as to the status of the case. Krzywicki advised Betzner that his office never received a claim form from Plaintiffs and that the materials previously submitted were insufficient to constitute a completed claim. During this call, Betzner purportedly informed Krzywicki that his office had sent a claim form to the USPS, but that such had not been sent by certified mail. Betzner memorialized his position in a letter to Krzywicki dated March 9, 2005.

On or about March 11, 2005, the USPS received copies of correspondence and SF-95 form executed by Plaintiff, Lucy Arias, on behalf of herself and Jamie, her minor son. These documents were dated August 16, 2004. The claim form contained a demand for personal injury damages in the amount of $100,000.00 and a demand for $1,709.72 in property damages.

On or about March 23, 2005, the USPS rejected Plaintiffs' March 11, 2005 claim form, finding that such was untimely submitted. The USPS subsequently denied Plaintiffs' request for reconsideration of its decision on April 13, 2005.

## II.  Standard of Review

Pursuant to Rule 12(b)(1), the Court may dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because the instant motion is a factual attack on the Court's subject matter jurisdiction, as opposed to a facial attack, the Court may consider the

---

[2] Defendant does not argue that Plaintiffs' complaint should be dismissed on its face due to Plaintiffs' failure to specifically plead that Defendant received notice of the claim.

various documents the parties attached to their pleadings in adjudicating this motion.  See, e.g., Gould Electronics Inc. v. United States, 220 F.3d 169, 177 (3d Cir. 2000); see also Medina v. City of Philadelphia, No. 05-2908, 2007 WL 29447, at *2 (3d Cir. Jan. 5, 2007) (finding that defendant's motion to dismiss based on plaintiff's failure to exhaust administrative remedies under the FTCA was a factual attack on the Court's jurisdiction); Adegbuji v. United States, No. 04-2619, 2005 WL 1917770, at *1 n.2 (D.N.J. Aug. 10, 2005) (same).  Thus, the Court need not presume that Plaintiffs' allegations are true.  See, e.g., Martinez v. United States, 875 F. Supp. 1067, 1070 (D.N.J. 1995).

Plaintiffs, as the parties who have invoked federal jurisdiction, have the burden of establishing that such jurisdiction exists.  See, e.g., Horton v. United States, 144 Fed. Appx. 931, 932 (3d Cir. Aug. 8, 2005); Martinez, 875 F. Supp. at 1071.  Furthermore, since the FTCA's exhaustion requirement is jurisdictional, Plaintiffs must meet this requirement for the Court to exercise subject matter jurisdiction over their claims.  See, e.g., Tucker v. United States Postal Service, 676 F.2d 954, 959 (3d Cir. 1982); Danowski v. United States, 924 F. Supp. 661, 665-66 (D.N.J. 1996).

**III.    Legal Discussion**

The FTCA waives sovereign immunity for specific tort claims and is the means by which plaintiffs can sue the United States for negligence.  See, e.g., Miller v. Philadelphia Geriatric Center, 463 F.3d 266, 270 (3d Cir. 2006) ("The FTCA is a limited waiver of the sovereign immunity of the United States.").  The FTCA provides that the United States consents to be sued for negligent or wrongful acts or omissions of its employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable

4

to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

> Section 2675 sets forth the FTCA exhaustion requirements:
>
> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail*. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675(a) (emphasis added).  Because the United States is waiving its sovereign immunity from suit in these circumstances, the provisions of the FTCA must be strictly construed.  See, e.g., Dark v. United States, No. 91-1438, 1991 WL 147544, at *1 (E.D. Pa. July 26, 1991); Anderson v. United States, 744 F. Supp. 641, 643 (E.D. Pa. 1990).

The claimant must present the claim to the appropriate federal agency within *two years* after the claim arose.  See 28 U.S.C. § 2401(b).  Thus, since the accident at issue occurred on or about October 11, 2002, Plaintiffs were required to present their claim to the USPS by October 11, 2004.  Plaintiffs have the burden to show that they properly presented their claims to the USPS.  See, e.g., Medina, 2007 WL 299447, at *2 ("Plaintiff carries the burden of proof to establish presentment of her claim to [the agency]."); Acheampong v. United States, No. 99-6133, 2002 WL 32130108, at *2 (E.D. Pa. Oct. 16, 2002).

Section 14.2 of Title 28 of the Code of Federal Regulations sets forth the applicable

presentment requirements:

> A claim pursuant to section 2675(a) is *presented* to a federal agency when the agency *receives* from the claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a *sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident . . . .

28 C.F.R. § 14.2 (emphasis added) (detailing the requirements for presentment of an administrative claim generally); see also 39 C.F.R. § 912.5 (setting forth the identical requirements for presentment of an administrative claim to the USPS).

The general purpose of this requirement is to give the agency the opportunity to settle the matter before it is adjudicated in court.  See Tucker, 676 F.2d at 956.  Thus, the requisite claim form should give the agency the information necessary to make an intelligent evaluation of the claim's settlement potential.  See id. at 957.

The issues presented by Defendant's motion are (1) whether Plaintiffs' completed and executed SF-95 form, which was purportedly mailed to the USPS on or about August 16, 2004, but never received by the USPS, satisfies Plaintiffs' obligation to present their claims under the FTCA; and (2) if the SF-95 form was not properly presented to the USPS, whether any of Plaintiffs' prior submissions to the USPS are sufficient to qualify as a notice of claim pursuant to section 2675.[3]

---

[3] Although Defendant admits to receiving a completed SF-95 form from Plaintiffs on or about March 11, 2005, such cannot constitute proper presentment under the statutory guidelines because the form was received more than two years after the accrual of the cause of action, which was on or about October 11, 2002.  See, e.g., Kieffer v. Vilk, 8 F. Supp. 2d 387, 396-97 (D.N.J. 1998) (finding that plaintiffs' claims were barred where claims form was received more than two years after accident at issue occurred).

### A. August 16, 2004 SF-95 Form

Plaintiffs have not met their burden to show that they properly presented their claims to the USPS by way of the completed and executed SF-95 form dated August 16, 2004. Section 14.2 of the Code of Federal Regulations and section 912.5 of the USPS Regulations explicitly state that presentment occurs when the agency *receives* the SF-95 form or other written notification of the incident specifying damages in a sum certain. 28 C.F.R. §§ 14.2, 912.5.

Numerous courts have strictly construed this requirement in holding that to satisfy their presentment obligation, a plaintiff must demonstrate that the appropriate federal agency actually *received* the claim. See, e.g., Medina, 2007 WL 29447, at *2;[4] Vacek v. United States Postal Service, 447 F.3d 1248, 1251-53 (9th Cir. 2006); Rhodes v. United States, No. 92-2016, 995 F.2d

---

[4] Medina is a non-precedential Third Circuit opinion. See Medina v. City of Philadelphia, No. 05-2908, 2007 WL 29447 (3d Cir. Jan. 5, 2007). The Court recognizes that Medina is not binding authority; however, the Court finds its reasoning persuasive and cites to Medina where applicable. Further, as illustrated above, the Third Circuit's analysis and decision in Medina appears to be consistent with the opinions of various other courts, both within and outside this circuit, which have held a claim is not properly presented under the FTCA unless the plaintiff can demonstrate that the appropriate agency actually received the claim form.

The Eleventh Circuit appears to be the only circuit court to consider this issue that has not mandated that the plaintiff in a FTCA case affirmatively demonstrate that the appropriate federal agency received the claim form to avoid dismissal. See Barnett v. Okeechobee Hospital, 283 F.3d 1232, 1239 (11th Cir. 2002). In Barnett, the Eleventh Circuit held that where a plaintiff established that he properly addressed, stamped and mailed the requisite claim form within the applicable time period, a rebuttable presumption arose that the agency received the form. See id. at 1239-40. However, even if the Barnett court is correct, and such a rebuttable presumption could arise under certain circumstances, the facts of Barnett are distinguishable from those in the instant case. The plaintiff in Barnett has substantially more proof that he properly addressed, stamped, and mailed the claim form. He purportedly mailed the completed claim form in a postage-paid business reply mail envelope that the agency provided to him when it originally sent him the claim form for completion. See id. at 1238-40. The plaintiff provided the court with a copy of that envelope. See id. Plaintiffs in this case have provided no such proof of proper mailing to the USPS.

1063, 1993 WL 212495, at *2 (4th Cir. June 15, 1993); Willis v. United States, No. 91-4111, 972 F.2d 350, 1992 WL 180181, at *2 (6th Cir. July 29, 1992); Drazan v. United States, 762 F.2d 56, 58 (7th Cir. 1985); Stancomb v. United States, 121 F. Supp. 2d 1019, 1020-21 (E.D. Tex. 2000); Anderson v. United States, 744 F. Supp. 641, 643-44 (E.D. Pa. 1990).  Thus, mere proof of mailing is insufficient to establish proper presentment.  See, e.g., Anderson, 744 F. Supp. at 643 ("The mere mailing of an administrative claim will *not* satisfy the requisite presentment.").; Murray v. United States, 604 F. Supp. 444, 445 (E.D. Pa. 1985) ("Mailing of an administrative claim is insufficient to satisfy the presentment requirement . . . .").  This is not an onerous requirement because proof of receipt can be obtained by sending the claim via certified or registered mail, or by obtaining the agency's acknowledgment of receipt.  See Medina, 2007 WL 29447, at *2; see also Vacek, 447 F.3d at 1252 ("It would have taken minimal effort on the part of Vacek's attorney to verify that the claim had been received: sending it by certified mail.").

   Plaintiff cannot demonstrate that the USPS received their August 16, 2004 completed SF-95 form.  Plaintiffs' attorney, Schwartz, certified in this Declaration that he sent a cover letter and SF-95 form to Krzywicki at the USPS via regular mail on August 11, 2004.  See Krzywicki Declaration at ¶ 3.  However, Schwartz could not have sent these documents to Krzywicki on August 11, 2004 because both documents are dated August 16, 2004.

   Even assuming that Schwartz mixed up the dates in his Declaration and intended to state that the cover letter and SF-95 form were mailed on August 16, 2004, he has no proof that he mailed the package or that the USPS received it because he sent the documents via regular mail.  See, e.g., Medina, 2007 WL 29447, at *2-3 (dismissing plaintiff's FTCA claim where plaintiff "offered no proof of receipt of the administrative claim"); Acheampong, 2002 WL 32130108, at

8

*2-3 (holding that plaintiff failed to properly present his claims to the USPS where plaintiff could not demonstrate that he mailed or that the agency received his claim form); Martinez, 875 F. Supp. at 1075-76 (stating that plaintiff did not properly present her claims because she provided no evidence that she mailed or that the agency received a claim form); Anderson, 744 F. Supp. at 643 (finding that plaintiff did not meet his burden to establish that the agency received one of his claim forms because he presented no record of receipt of such form).

Schwartz's affidavit alone is insufficient to prove that the USPS received the documents. See, e.g., Medina, 2007 WL 29447, at *3 ("an attorney's affidavit, standing alone, indicating that she mailed an administrative claim, is insufficient to prove presentment of such claim to the appropriate federal agency"). Krzywicki states in his affidavit that the USPS has no record of receiving Plaintiffs' August 16, 2004 SF-95 form. See Krzywicki Declaration at ¶ 8.[5] Plaintiffs provide no evidence to suggest otherwise. In fact, Plaintiffs did nothing to follow-up with Krzywicki to ensure that the USPS received their SF-95 form until approximately March 9, 2005, which was seven months after the form was purportedly mailed to the USPS and five months after the two-year limitations period expired on October 11, 2004. See, e.g., Bailey v. United States, 642 F.2d 344, 347 (9th Cir. 1981) (indicating that the court would not excuse plaintiff's failure to comply with the FTCA presentation requirements where plaintiff did nothing to confirm that the agency received their claim until after the applicable two-year period had run).

Plaintiffs would have the Court read an exception into the FTCA statutory framework where a claimant substantially complies with the presentation requirement. Plaintiffs provide no

---

[5] The Declaration filed by Krzywicki dated March 15, 2006 is missing page two. Accordingly, the Court only relied on the information discussed on pages one and three of the Declaration.

authority which supports their argument that substantial compliance with the FTCA exhaustion requirements is sufficient to avoid dismissal for lack of jurisdiction.

Furthermore, Plaintiffs have provided no authority for their assertion that bills submitted by Plaintiffs' auto insurance carrier, Liberty Mutual Insurance Company, to the USPS in support of Liberty Mutual's claim for PIP benefits under the New Jersey no fault insurance law, satisfy Plaintiffs' obligations under the statutory framework.[6]

The Court rejects Plaintiffs' arguments that Defendant should be either equitably estopped from challenging Plaintiffs' failure to completely exhaust their administrative remedies or that the applicable two-year limitations period should be equitably tolled.  To the extent that these equitable remedies are even applicable against the USPS with regard to FTCA claims, Plaintiffs have not put forth any facts which would warrant the imposition of equitable estoppel or tolling in this case.

Thus, the Court finds that Plaintiffs' August 16, 2004 SF-95 form was not timely submitted.  Accordingly, the Court considers whether any of Plaintiffs' other correspondences with Krzywicki or the USPS constitute a proper notice of claim pursuant to the FTCA.

**B.      December 30, 2002 Letter**

Plaintiffs' December 30, 2002 letter to Krzywicki does not constitute the presentment of a claim pursuant to the FTCA because such did not contain a request for a *sum certain* in damages. See 28 C.F.R. § 14.2; see also Medina, 2007 WL 29447, at *2 (holding that plaintiff failed to

---

[6] Even if such were the case, Plaintiffs admit on page 7 of their brief that the bills submitted by Liberty Mutual total $5,543.99 in medical bills for each plaintiff, for a total amount of $11,087.98.  Thus, Plaintiff's damages in the instant lawsuit would be limited to this amount, plus, the amount of the chiropractic bills independently submitted by Plaintiffs, discussed supra, assuming that the $8,430.00 in chiropractic bills was not also submitted by Liberty Mutual.

present her claims where "[n]one of the letters sent by [plaintiff's] attorney" . . . requested monetary damages in a 'sum certain' "); del Prado v. United States, No. 04-5403, 2006 WL 1764970, at *3 (D.N.J. June 23, 2006) (dismissing plaintiff's complaint for failure to properly present her claim to the appropriate federal agency where, among other things, plaintiff's correspondence did not state a sum certain in damages); Kieffer v. Vilk, 8 F. Supp. 2d 387, 397 (D.N.J. 1998) (holding that plaintiff's letter notifying defendant of auto accident did not constitute the filing of a claim where letter did not contain a demand for a sum certain in money damages); Martinez, 875 F. Supp. at 1075 ("The 28 July 1992 Letter does not constitute the filing of a claim before the Postal Service, because it does not contain a request for a 'sum certain' in damages.").

    **C.**    **August 6, 2004 Letter**

Plaintiffs' August 6, 2004 letter to the USPS did indicate a sum certain in monetary damages that Plaintiffs were asserting against Defendant. Particularly, attached to the August 11, 2004 letter were two chiropractic bills from Dr. Luis Ugarte, one for each plaintiff, indicating that Dr. Ugarte charged each plaintiff $4,215.00 for medical treatment. Defendant admits receiving this letter and the two medical bills attached.[7] The Court accordingly finds that Plaintiffs properly presented a claim to the USPS on or about August 6, 2004, within the statutory two-year time frame, for $8,430.00. See Bialowas v. United States, 443 F.2d 1047 (3d

---

[7] As with Plaintiffs' December 30, 2002 letter, the August 11, 2004 letter is stamped "Received" on August 11, 2004 by the "Accident Investigator Central NJ District." See Krzywicki Declaration at Exhibits C, E. Furthermore, Krzywicki's August 11, 2004 letter to Plaintiffs enclosing additional SF-95 forms appears to be in response to Plaintiffs' August 11, 2004 letter. See Krzywicki Declaration at Exhibit D.

Cir. 1971) (dismissing plaintiff's FTCA claim for lack of jurisdiction where "[n]o specific sum was set forth in the claim, *nor was there any information supplied from which a specific amount could be computed*") (emphasis added); Jama v. United States Immigration and Naturalization Service, 22 F. Supp. 2d 353, 367-68 (D.N.J. 1998) ("A claim may be sufficient if a total amount is 'directly inferable' from the information presented."). Since this claim in particular was not adjudicated by the USPS within six months of its receipt, Plaintiffs were entitled to presume that their claim had been denied and were permitted to file the instant complaint. 28 U.S.C. § 2675(a).

**IV.   Conclusion**

For the reasons stated above, Defendant's motion to dismiss is granted in part and denied in part. The Court retains jurisdiction over Plaintiff's FTCA claim for $8,430.00 in chiropractic bills presented to the USPS on or about August 6, 2004. The Court lacks subject matter jurisdiction over any other claims. An appropriate order accompanies this opinion.

Dated: February 22, 2007

/s/ Jose L. Linares
United States District Judge